USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Matthew McDermott,

                Plaintiff,

       –v–

NYFirestore.com, Inc.,

                Defendant.

18-cv-10853 (AJN)

OPINION & ORDER

ALISON J. NATHAN, District Judge:

    On May 1, 2019, Plaintiff Matthew McDermott filed a motion for default judgment. *See* Dkt. No. 17.  For the reasons that follow, the Court GRANTS in part and DENIES in part Plaintiff's motion.

## I.    BACKGROUND

    On November 19, 2018, Plaintiff filed a Complaint against Defendant, alleging copyright infringement and the removal of copyright management information by Defendant.  *See* Compl. (Dkt. No. 1) ¶¶ 7-28.  According to the Complaint, Defendant—a domestic corporation that produces merchandise, including sweatshirts, tee shirts, and throw blankets—displayed on its merchandise unauthorized reproductions of a copyrighted photograph of a New York City firefighter kneeling during September 11th recovery operations in Lower Manhattan.  *Id.* ¶¶ 1, 6, 10–16.  The Complaint alleges that this photograph is owned and registered by Plaintiff, a professional photographer, and that Defendant had neither a license, nor Plaintiff's permission or consent, to publish the photograph on its merchandise.  *Id.* ¶¶ 1, 5, 7–9, 16.

    Defendant was served with the Complaint on December 7, 2018.  Dkt. No. 10. Defendant did not appear or respond to it, and on April 30, 2019, Plaintiff requested the entry of

a default against Defendant. Dkt. Nos. 14, 15. A certificate of default was entered by the Clerk of Court on May 1, 2019. Dkt. No. 16. That same day, Plaintiff moved for default judgment against Defendant. Dkt. No. 17. Plaintiff served the motion for default judgment on Defendant and filed proof of that service on the public docket. Dkt. Nos. 22, 23.

## II.   DISCUSSION

Federal Rule of Civil Procedure 55 sets out a two-step procedure to be followed for the entry of judgment against a party who fails to defend: the entry of a default, and the entry of a default judgment. *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005). The first step, entry of a default, simply "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011); *see* Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").

"The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled, to the extent permitted by Rule 54(c)." *Mickalis Pawn Shop*, 645 F.3d at 128. Rule 54(c) states, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### A. Liability

On a default judgment motion, the defendant is deemed to have admitted all of the well-pleaded factual allegations contained in the complaint. Fed. R. Civ. P. 8(b)(6); *S.E.C. v. Razmilovic*, 738 F.3d 14, 19 (2d Cir. 2013). However, "because a party in default does not admit conclusions of law," it is incumbent upon the Court to consider whether the plaintiff has pleaded

facts sufficient to establish the defendant's liability with respect to each cause of action. *See Zhen Ming Chen v. Y Café Ave B Inc.*, 2019 WL 2324567, at *1 (S.D.N.Y. May 30, 2019).

### 1. Copyright Act Claim

To establish a violation of the Copyright Act, 17 U.S.C. § 501, a plaintiff must demonstrate his ownership of a valid copyright and defendant's infringement—that is, copying of original elements of the copyrighted work. *See Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010); *Malibu Media, LLC v. Doe*, No. 15-cv-2624 (ER), 2015 WL 6116620, at *3 (S.D.N.Y. Oct. 16, 2015). Both requirements are satisfied here. Plaintiff's Complaint demonstrates that he owns a valid copyright in the photograph. *See* Compl. ¶¶ 8–9. Plaintiff has also provided the Court with the photograph's copyright Certificate of Registration. Dkt. No. 1-2. And the Complaint alleges that Defendant infringed on Plaintiff's copyright by reproducing and displaying unauthorized copies of the photograph on its merchandise. Compl. ¶¶ 10–16. Accordingly, the Court finds that Plaintiff has established a *prima facie* case for recovery with respect to his Copyright Act Claim.

### 2. Digital Millennium Copyright Act Claim

The Digital Millennium Copyright Act, 17 U.S.C. § 1202, prohibits doing any of the following "without the authority of the copyright owner or the law" and with knowledge or reasonable grounds to know that it will "induce, enable, facilitate, or conceal" infringement:

> (1) intentionally remov[ing] or alter[ing] any copyright management information,
> (2) distribut[ing] or import[ing] for distribution copyright management information knowing that the copyright management information has been removed or altered without authority of the copyright owner or the law, or
> (3) distribut[ing] . . . works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of the copyright owner or the law . . . .

17 U.S.C. § 1202(b).

"[T]o state a valid claim under subsection 1202(b), a plaintiff must allege 1) the existence of CMI [copyright management information] on the products at issue; 2) removal and/or alteration of that information; and 3) that the removal and/or alteration was done intentionally." *Aaberg v. Francesca's Collections, Inc.*, No. 17-cv-115 (AJN), 2018 WL 1583037, at *6 (S.D.N.Y. Mar. 27, 2018).  As relevant here, the statutory definition of CMI includes: 1) "[t]he name of, and other identifying information about, the author of a work," 17 U.S.C. § 1202(c)(2); 2) "[t]he name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright," *id.* § 1202(c)(3); and 3) "[i]dentifying numbers or symbols referring to such information or links to such information," *id.* § 1202(c)(7).

Plaintiff's Complaint fails to allege facts establishing any of the elements of a Digital Millennium Copyright Act violation.  Indeed, most basically, it fails to allege the existence of copyright management information on the photograph at issue.  Accordingly, Plaintiff has failed to establish a *prima facie* case for recovery with respect to his Digital Millennium Copyright Act claim.

**B.  Damages**

"Once liability is established, the sole remaining issue before the court is whether the plaintiff has provided adequate support for the relief it seeks."  *Bleecker v. Zetian Sys., Inc.*, No. 12-cv-2151 (DLC), 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 111 (2d Cir. 1997)).  "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true.  The district court must instead conduct an inquiry in order to ascertain the amount

of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (internal citations omitted). "Establishing the appropriate amount of damages involves two steps: (1) 'determining the proper rule for calculating damages on . . . a claim'; and (2) 'assessing plaintiff's evidence supporting the damages to be determined under this rule.'" *Begum v. Ariba Disc., Inc.*, No. 12-cv-6620 (DLC), 2015 WL 223780, at *4 (S.D.N.Y. Jan. 16, 2015) (alteration in original) (quoting *Credit Lyonnais*, 183 F.3d at 155).

To determine the amount of damages, the Court may conduct a hearing, but doing so is not necessary "as long as [the Court] ensure[s] that there was a basis for the damages specified in the default judgment." *Transatlantic Marine*, 109 F.3d at 111 (internal quotation marks omitted); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) (stating that a district judge may, but is not required to, conduct a hearing on the matter of damages).

### 1. Copyright Act Claim

Under the Copyright Act, "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b) or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Plaintiff has elected to recover actual damages and profits of the infringer in lieu of statutory damages. In his motion papers, Plaintiff seeks $20,000 in actual damages and profits. *See* Dkt. No. 18 ¶¶ 11, 17.

"The Copyright Act grants courts discretion in calculating the actual damages sustained by a prevailing party, as long as the claim is reasonable according to typical market values." *Romanowicz v. Alister & Paine, Inc.*, No. 17-cv-8937 (PAE) (KHP), 2018 WL 4762980, at *4 (S.D.N.Y. Aug. 3, 2018), *report and recommendation adopted*, No. 17-cv-8937 (PAE) (KHP), 2018 WL 4759768 (S.D.N.Y. Oct. 1, 2018). Thus, in "calculating the actual damages portion of § 504(b) damages, the lost license fee to the copyright holder is a reasonable enough place to

start." *Terry v. Masterpiece Advert. Design*, No. 17-cv-8240 (NRB), 2018 WL 3104091, at *3 (S.D.N.Y. June 21, 2018) (quoting *Davis v. Gap, Inc.*, 246 F.3d 152, 166 (2d Cir. 2001)). "A plaintiff seeking actual damages based on a lost licensing fee must show 'that the thing taken had a fair market value,' not merely what the copyright owner 'would have charged.'" *Romanowicz* 2018 WL 4762980, at *4 (quoting *Davis*, 246 F.3d at 166). Indeed, the Second Circuit has made clear that an award of actual damages "may not be based on undue speculation." *Davis*, 246 F.3d at 166 (internal quotation marks omitted).

With respect to actual damages, Plaintiff's counsel Richard Liebowitz avers that "Plaintiff estimates he would have been entitled to charge up to $5000 for use of the Photograph in the manner used by Defendant, which was to sell and distribute tangible merchandise." Dkt. No. 18 ¶ 14. However, Plaintiff's motion papers do not provide *any documentary evidence* whatsoever—"such as invoices for Plaintiff's past licensing fees for his photographs or the Photograph itself," *Pasatieri v. Starline Prods., Inc.*, No. 18-cv-4688 (PKC) (VMS), 2020 WL 207352, at *4 (E.D.N.Y. Jan. 14, 2020)—that would support his estimate of $5,000 as the lost licensing fee for this photo, *cf. Jerstad v. New York Vintners LLC*, No. 18-cv-10470 (JGK) (OTW), 2019 WL 6769431, at *3 (S.D.N.Y. Dec. 12, 2019), *report and recommendation adopted*, No. 18-cv-10470 (JGK), 2020 WL 58237 (S.D.N.Y. Jan. 6, 2020) ("Plaintiff's declaration on the reasonable license fee merely renders a legal conclusion as opposed to providing any evidence of the photograph's value."). As a result, the Court is "unable to ascertain . . . the market value" of the photograph and cannot award actual damages on the basis of Plaintiff's undue speculation alone. *See Renna v. Queens Ledger/Greenpoint Star Inc.*, No. 17-cv-3378 (DRH) (SIL), 2019 WL 1061259, at *4 (E.D.N.Y. Feb. 13, 2019), *report and recommendation adopted*, No. 17-cv-3378 (DRH) (SIL), 2019 WL 1062490 (E.D.N.Y. Mar. 6,

2019).  Accordingly, the Court denies without prejudice Plaintiff's request for actual damages with leave to renew his request supported by evidence "setting forth some reasonable basis for his computation."  *Id.* (alteration and internal quotation marks omitted) (recommending denial without prejudice of plaintiff's request for actual damages for copyright infringement because plaintiff failed to submit any affidavits or other documentary evidence in support of it); *see also Pasatieri*, 2020 WL 207352, at *5 (denying without prejudice unsupported request for actual damages for copyright infringement with leave to renew with supporting evidence).

With respect to infringer's profits, the Court assumes—though Plaintiff does not explicitly state—that the additional $15,000 Plaintiff seeks in damages on this claim are for Defendant's profits from use of the photograph.  *See* Dkt. No. 18 ¶¶ 11, 14–17.  As with his request for actual damages, Plaintiff's request for profits is completely and utterly unsupported.  Indeed, Plaintiff again fails to "provide any information from which the Court could reliably ascertain" Defendant's profits, *Romanowicz*, 2018 WL 4762980, at *5, and the Court cannot award damages for infringer's profits on the basis of undue speculation alone, *see Terry*, 2018 WL 3104091, at *4 ("While courts must necessarily engage in some degree of speculation in assessing copyright damages, a § 504(b) damages award must rely on some factual basis rather than undue speculation." (internal quotation marks and citations omitted)).  Accordingly, the Court also denies without prejudice Plaintiff's request for infringer's profits with leave to renew his request supported by evidence.  *See Pasatieri*, 2020 WL 207352, at *5 (denying without prejudice plaintiff's request for infringer's profits because he offered no basis on which to award defendant's profits from its use of the photograph at issue); *see also Romanowicz*, 2018 WL 4762980, at *5 (denying request for infringer's profits because plaintiff failed to provide any information from which the Court could reliably ascertain such profits).

### C. Attorney's Fees and Costs

The Copyright Act expressly provides that a court "may" award reasonable attorney's fees and allow the recovery of full costs. *See* 17 U.S.C. § 505. Here, Plaintiff seeks attorney's fees of $4,037.50, Dkt. No. 18 ¶ 20, and costs of $630 for court filing and service fees, *id.* ¶¶ 20, 22. Because the Court denies Plaintiff's request for damages, it declines to reach Plaintiff's request for fees and costs at this juncture. If Plaintiff subsequently submits sufficient evidence for an award of damages, the Court will take up his request for fees and costs at that time. *See Pasatieri*, 2020 WL 207352, at *6.

### III. CONCLUSION

Accordingly, with respect to Plaintiff's Copyright Act claim, his motion for default judgment is GRANTED as to liability and DENIED without prejudice as to damages, fees, and costs. With respect to his Digital Millennium Copyright Act claim, Plaintiff's motion for default judgment is DENIED. Within thirty days of the date of this Opinion and Order, Plaintiff must file any motion for damages, fees, and costs.

This resolves Docket Number 17.

SO ORDERED.

Dated: May 28, 2020
       New York, New York

_____
ALISON J. NATHAN
United States District Judge